This is a bastardy action and the defendant *Page 30 
is asking this Court to order a test to be made of blood taken from the child, its mother and the alleged father.
This same question was raised in Case No. 34971, AntoniaJakucenis (ex rel. Clara Jakucenis) vs. Frank Sakal in this Court and on November 21, 1934, a Memorandum was filed which applies to the case under consideration. This Memorandum follows:
"An examination of the latest authorities on the value of such a test in determining the paternity of a child, namely the Journal of the American Institute of Criminal Law and Criminology, Vol. 20, page 360, and Wigmore on Evidence, Supplement to Second Edition, 1934, Sections 165a and 165b, pages 149-160, and Section 2220, pages 993-998, leads the Court to the conclusion that science has reached the point in making these tests where the result should be given evidential value by our courts.
There is a scarcity of decisions by the courts on this question, apparently the latest reported case being Beuschelvs. Manowitz, 271 New York Supplement, 277. In this case the Supreme Court after having given the matter quite exhaustive study came to the conclusion that such a test should be ordered under proper conditions. The Appellate Division, however, in the same case, 272, New York Supplement, 165,
overturned this decision in a brief per curiam opinion. A comparison of this opinion with that of the lower court seems to be all in favor of the lower court. In the per curiam opinion, referred to above, the court reverses the lower Court with a brief statement, among other things to the effect that the welfare of the infant is in no way involved in the proposed blood test.
It is to be noted that in Connecticut an illegitimate child is considered the ward of the state to a certain extent. Our laws regarding the rights of selectmen and other town or city authorities in bastardy actions indicate clearly that the community has a vital interest in determining the paternity of such a child.
While a bastardy action is a civil one, as our courts have made clear in the past, yet it resembles in some particulars a criminal action, particularly one brought for non-support, and there is all the more reason why in a bastardy action the Court should welcome every bit of evidence that may lead *Page 31 
to a just conclusion. The Court cannot assume because the accused has asked for this blood test that such a test will prove his innocence; it may just as well be the evidence which is required to find him guilty. The Court is searching for the truth irrespective of how this particular evidence may help one side or the other.
 Under all of the circumstances, it appears to the Court that the test requested by the defendant will be of assistance in arriving at a just verdict in this case." An order has been prepared by the attorney for the defendant, after conferring with the attorney for the plaintiff, providing for the making of such a test by a physician, particularly skilled in blood tests, and this order has been signed by the Court.